Nevius, J.
delivered the opinion of the court.
This is a bill of privilege filed by the plaintiffs agains.t one of the attorneys of this court, to which the defendant demurs, and assigns the following causes :
First, That it does not appear by the bill, that the plaintiffs are a corporation, or have any right to maintain this suit against the defendant.
Second, That the bill does not allege the defendant to be personally present in court.
Third, That it does not conclude with praying relief.
Fourth, That the plaintiffs do not complain as assignees, while it appears by their bill that they were assignees of Isaac Ogden, who was the assignee of the obligees named in the bond upon which the suit is brought, and
Fifth, That'the bill does not state in the breach, that the money mentioned in said bond was not paid to the obligees or to the first assignee.
The plaintiffs by the name of “TheBennington Iron Company,” declare against the defendant, and it is insisted, that this does not sufficiently designate their character or show their right to maintain this suit. That is not the name of an individual, nor is it a name necessarily importing an incorporated company, nor are they anywhere described as a corporation, but that the name indicates that they are a private company, association or partnership, and as such, cannot maintain a suit, except in their individual names. If in truth the plaintiffs are an incorporated company, either domestic or foreign, their right to bring suit in our courts,' is not denied; nor do the defendant’s counsel contend that it is necessary that they should set forth their act of incorporation in their pleading. But it is insisted, that if they are not a corporation under a public law of this state, of which this court will take notice, but a foreign corporation, they must, show upon the face of their declaration, that they are a corporation.
If we admit the principle which is proved by the numerous authorities cited in the argument, that a foreign corporation may maintain an action in our courts, and that it is not necessary that their charter should be set forth in their declaration, it remains to inquire 'whether they are by law required to aver that they are a legally incorporated company. No adjudged case has been *107 referred to, nor have I been able to find one in which this has been required. It is true, many cases have been cited, where such averment was made, but I am not aware of a single case in which the question was raised, and there are very many cases in the books, as well as in the records of our own courts, of declarations without such averment. Nor can I find any such distinction as is drawn by the counsel for the defendant, between corporations whose name denotes their corporate character, and where it does not, nor do I think such distinction is founded either in the law or reason of'the thing.
A party must come into cour-t in his true and proper name. If he fails to do so, the defendant may interpose his plea in abatement ; but if he pleads to the action, he admits the plaintiff’s right to sue in the name assumed. In the present ease, the name of the plaintiffs .is distinctly stated, and the law will piesiume it to be truly stated, till the contrary appear, and cannot without a tax upon common sense, infer it to be the name of an individual or natural person; nor will it presume it to be the name of an unincorporated company or partnership, who can sue only in their individual names; but of an incorporated company who have- a right to sue in their incorporated name. A rational construction is to be given to pleading whore it is susceptible of it; and we are not to resort to any other when it is equally natural and more consistent with the intent and object which the party has iu view. I reject therefore the idea, that the plaintiffs are suing as a private association or partnership, because the name assumed no more imports such an association than it does an incorporation, and because the latter is most consistent with reason and the intent of the parties.
The second cause is, that the bill does not allege the defendant to be personally present in court. All practising attorneys are presumed to be present in court. If they do not practice for a year, by the rules of court, they forfeit their privilege. It is not necessary to aver that which the law presumes.
The third cause assigned is abandoned by the counsel.
The fourth is not sustained. The declaration sets forth the right in which the plaintiffs sue, to wit: as assignees, and the several assignments through which they acquired that right They need not style themselves assignees.
*108 The fifth cause assigned, is not sustained by the facts; for the declaration distinctly avers, that the several assignments were made before payment of the bond or any part of it; of which the defendant had notice; and that the defendant did not pay the plaintiffs after the assignment to them.
Let the demurrer be overruled.

Demurrer overruled.

Same case reported again, 3 Barr. 158-467.